IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTINE SHELLITO** | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 21-3278 |
| | : | |
| **THE TRAVELERS COMPANIES, INC.** | : | |

McHUGH, J.                                                                                                              October 12, 2021

## MEMORANDUM

The Federal Arbitration Act creates many anomalies in civil practice. This case brings into sharp focus one of those anomalies—the procedure a disappointed litigant must follow to perfect a timely appeal of an arbitration award. Ordinarily, it is the filing of an action that sets the benchmark for determining whether a time deadline has been met. Under the literal terms of Section 12 of the FAA, however, it is the *service* of a petition to vacate that determines timeliness. Here, Plaintiff filed the pending petition within the three-month window provided by the statute but failed to accomplish service of the petition within that same timeframe. Defendant therefore contends that the appeal is untimely. The Third Circuit has not yet decided this issue, but it appears there is unanimity within the federal judiciary that the date of service is controlling. Given the combined weight of that persuasive authority and the plain language of the Act, I am constrained to agree with Defendant that the petition is untimely and must be dismissed.

**I.      Factual Background:**

In June 2019, Plaintiff, Christine Shellito, filed an original Complaint in this Court alleging disparate treatment, wrongful termination, and retaliation under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951 et seq. Pl.'s Mem. Resp. Opp'n Def.'s Mot. Dismiss 2, ECF 5-1. Ms. Shellito, who

had been employed by Defendant, The Travelers Companies, Inc. ("Travelers"), for twenty-three years prior to her termination, suffers from Graves' Disease. *Id*. Plaintiff alleged that Travelers terminated her employment because of her disability or in retaliation for her claim of disability or demand for remote work accommodation. *Id*. These claims were subject to a valid binding arbitration provision in Plaintiff's employment contract with Travelers. *Id*. Accordingly, in August 2019, Plaintiff's original complaint was voluntarily dismissed pursuant to Federal Rule 41(a)(1)(A)(i) and the case proceeded to arbitration before the American Arbitration Association. *Id*.

The arbitrator entered an award in favor of Travelers on April 23, 2021. *Id.* at 3; Def.'s Mem. Supp. Mot. Dismiss 1, ECF 4-1. He found that Ms. Shellito's work performance had "deteriorated as a result of reasons independent of any discrimination or retaliation" to the "point it became inadequate." Pl.'s Resp. Opp'n Def.'s Mot. Dismiss Ex. F, at 40, ECF 5-2. He also found that her termination was not in retaliation for her complaint of discrimination or harassment. *Id.*

Ms. Shellito filed a Petition to Vacate the Award with this Court on July 22, 2021, contending that the arbitrator's decision was rendered in "manifest disregard of the law." ECF 1. On July 26, 2021, Plaintiff emailed Defendant's counsel, seeking consent to waive service. Def.'s Mot. Dismiss Ex. B, at 2, ECF 4-3; Pl.'s Mem. Resp. Opp'n Def.'s Mot. Dismiss at 3. On July 27, 2021, Travelers' counsel responded stating that she lacked authority to accept or waive service. *Id*. Plaintiff then served Defendant with a Summons and Petition by certified mail, sent August 6, 2021, and received by Travelers on August 10, 2021. Pl.'s Resp. Opp'n Def.'s Mot. Dismiss Ex. G, at 44, ECF 5-2. Travelers now moves to dismiss.

II.     **Standard of Review:**

Specifically, Travelers moves under Federal Rules of Procedure 12(b)(5) and 12(b)(6), alleging both untimely and insufficient service of process, and failure to state a claim.  The Federal Rules of Civil Procedure are applicable unless the FAA sets forth other procedures.  Fed. R. Civ. P. 81(a)(6)(B).  9 U.S.C. § 6 provides that "[a]ny application to the court hereunder shall be made and heard in the manner provided by law for the making and hearing of motions, except as otherwise herein expressly provided."  There are no express provisions addressing the resolution of motions provided by the Act, and therefore there is no difference from the standard that governs civil cases generally.

The well-established standard elucidated in *Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir. 2009) governs motions to dismiss under Fed. R. Civ. P. 12(b)(6).  When a Rule 12(b)(5) motion is filed challenging sufficiency of service, "the party asserting the validity of service bears the burden of proof on that issue."  *Grand Entm't Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir.1993).   Resolving motions under Rule 12 "entails a legal determination based on the undisputed facts on the record before the court and the applicable precedent or statute."  *Vadino v. A. Valey Engineers*, 903 F.2d 253, 259 (3d Cir. 1990)

III.    **Discussion:**

Although the parties raise many issues, one is dispositive: Plaintiff's motion to vacate is untimely because it was not served on Defendants within three months as required by the plain language of the FAA.

a. **The Petition to Vacate the Arbitration Award is Untimely Under FAA**

It is undisputed that the arbitration between Plaintiff and Defendant, and the deadline for challenging the Award, are governed by the FAA.  Under the Act, Plaintiff was required to serve

notice of her motion to vacate on Defendant "within three months" after the award was "filed or delivered."  9 U.S.C. § 12.  The parties agree that the Award was filed on April 23, 2021.  Pl.'s Mem. Resp. Opp'n Def.'s Mot. Dismiss at 3; Def.'s Mem. Supp. Mot. Dismiss at 1.  They dispute when, if at all, Plaintiff properly served Defendant notice of her motion.  Regardless, the earliest service date alleged by the Plaintiff is July 26, 2021, which is three days outside of the statutory period.  Plaintiff argues that the motion is nevertheless timely because it was *filed* within three months of the award.  This argument does not withstand scrutiny.

The plain language of the statute requires "service" rather than filing within the three-month period.  This service period has been strictly construed by numerous federal courts.  *See e.g. Sanders-Midwest, Inc. v. Midwest Pipe Fabricators, Inc.,* 857 F.2d 1235, 1238 (8th Cir. 1988) ("No exceptions to the time for service of notice appear in the Federal Act...."); *Glaser v. Legg*, 928 F. Supp. 2d 236, 239 (D.D.C. 2013) (striking petition to vacate as untimely where plaintiff filed, but failed to serve, the motion within three months because "the plain text of the statute requires *service* of notice of a motion to vacate rather than mere filing within the three month time limit. . .") (emphasis in original); *Levy v. Wells Fargo Advisors*, LLC, No. 16-171, 2016 WL 6137244, at *2 (E.D. Pa. Oct. 18, 2016) (finding that "[b]y its plain language, the [FAA] governs when service must be made and New York law governs when the motion must be filed."); *Hakala v. J.P. Morgan Sec., Inc.,* 186 F. App'x 131, 133 (2d Cir. 2006) ("As the district judge correctly recognized, by its plain language, § 12 applies only to notice, i.e., service, it does not apply to filing.").

If a party fails to serve a motion to vacate within the three-month statutory period, that "party forfeits the right to judicial review of the award."  *Piccolo v. Dain, Kalman & Quail, Inc.,* 641 F.2d 598, 600 (8th Cir. 1981); *accord Pfannenstiel v. Merrill Lynch, Pierce, Fenner & Smith*,

477 F.3d 1155, 1158 (10th Cir. 2007) (same); *Corey v. New York Stock Exch.*, 691 F.2d 1205, 1212 (6th Cir. 1982) (same); *Broome v. Am. Fam. Life Assurance Co. of Columbus,* No. CV 19-1967 (MN), 2020 WL 4673830, at *4 (D. Del. Aug. 12, 2020) (holding untimely service under FAA forfeits right to judicial review).

Notwithstanding the seemingly clear language of the Act, Plaintiff argues that "the law is not settled in the Third Circuit as it relates to whether the filing of a motion to vacate an arbitration award tolls the statute." Pl.'s Mem. Resp. Opp'n Def.'s Mot. Dismiss at 6. As persuasive authority, she cites several cases which she characterizes to hold that "parties have three months from when the award is 'issued' or 'entered' to file a petition and/or motion to vacate under Section 12 of the FAA to meets [sic] the statute's requirements." *Id*. at 7.

The circuit cases Plaintiff cites have all been superseded by later decisions. She is correct that the Seventh Circuit appeared to equate filing with service. *See Olson v. Wexford Clearing Servs. Corp.,* 397 F.3d 488, 492 (7th Cir. 2005); *Papapetropoulous v. Milwaukee Transp. Servs., Inc.,* 795 F.2d 591, 596 n. 8 (7th Cir. 1986). But when confronted with the precise issue of what is required to comply with the time limitation, it expressly held:

> To the extent that our use of the term 'filing' in [*Olson* and *Papapetropoulous*] is misleading, we clarify now and for purposes of future cases that *service* of a motion to vacate is the act that stops the three-month statute of limitations. Unless and until Congress amends § 12 and makes filing the critical date, we will continue to enforce the plain language of the statute.

*Webster v. A.T. Kearney, Inc.*, 507 F.3d 568, 572 (7th Cir. 2007) (emphasis in original) (motion to vacate award was untimely where filed within the statutory period, but service occurred one day too late). Plaintiff cites two additional circuit cases, *Fradella v. Petricca*, 183 F.3d 17, 20 n. 4 (1st Cir. 1999) and *Wallace v. Buttar*, 378 F.3d 182, 197 (2d. Cir. 2004), both of which contain similarly loose language implying that "filing" or "moving" is sufficient to meet the requirements

the FAA. But untimely service was not presented as an issue in either case. In a subsequent case, the First Circuit clarified that service is required. *See Seacoast Motors of Salisbury, Inc. v. DaimlerChrysler Motors Corp.,* 271 F.3d 6, 8 (1st Cir. 2001) (If the claim were brought under FAA, it would be "time-barred because it failed to serve notice of the action . . . within three months of filing of award (its service came six days late)."). And in the Second Circuit, a recent decision from a non-precedential panel reached the same conclusion. *See Martin v. Deutsche Bank Sec. Inc.,* 676 F. App'x 27, 28 (2d Cir. 2017) ("The statute affords '[n]o exception' to [FAA's] service period; thus, a 'party may not raise a motion to vacate, modify, or correct an arbitration award after the three-month period has run.'") (internal citations omitted).

Plaintiff selectively cites language from *Oberwager v. McKechnie Ltd.*, No. CIV.A. 06-2685, 2007 WL 4322982, (E.D. Pa. Dec. 10, 2007), *aff'd,* 351 F. App'x 708 (3d Cir. 2009) (non-precedential) focusing on the Court's reference to the FAA's "three-month *filing* period" and "timely *filing* requirement." *Id*. at *7 (emphasis added). But the basis for Judge Yohn's holding is clear: "A court may reach the merits of a motion to vacate an arbitration award only when notice of the motion is 'served upon the adverse party or his attorney within three months after the award is filed or delivered.'" *Id.* at *5 (internal citations omitted). And he ultimately dismissed the action as untimely "[b]ecause the time to *serve* a motion to vacate or modify the arbitration award under § 12 expired well before the *date of service*" *Id.* at *8 (emphasis added). Other members of this Court have likewise construed the outcome in *Oberwager* as controlled by the date of service. *Levy v. Wells Fargo Advisors*, LLC, No. 16-171, 2016 WL 6137244, at *3 (E.D. Pa. Oct. 18, 2016) (Kearney, J.) (discussing *Oberwager* and finding that "the [Federal Arbitration] Act governs service of timely filed motion upon adverse party"); *Silicon Power Corp. v. Gen. Elec. Zenith Controls, Inc.*, No. CIV. A. 08-4331, 2009 WL 1971390, at *2 (E.D. Pa. July 7, 2009) (Padova,

J.) (citing *Oberwager* for the principle that a court cannot reach the merits of motion to vacate where service is untimely).

Aside from citing stray language in judicial opinions, Plaintiff has cited no authority to support her contention that filing will suffice in the face of a clear statutory requirement of service. As stated at the outset, this is an anomaly, particularly if one stops to think that service of a motion to vacate an arbitration award is meaningless until that motion is also presented to a court. But anomalous statutes must also be enforced if their meaning is clear, and here, federal courts have unanimously held that it is. Because Plaintiff failed to serve her petition to vacate within three months, she has forfeited the right to judicial review.[1]

The parties raise other complex issues, including whether the manner of service was sufficient under the FAA,[2] highlighting yet another anomaly created by the Act, but the untimeliness of service renders the manner of service irrelevant.

### IV. Conclusion

For the reasons set forth above, the Motion to Dismiss must be granted as Plaintiff's Petition to Vacate is untimely. An appropriate order follows.

/s/ Gerald Austin McHugh
United States District Judge

---

[1] Some courts have applied equitable tolling to extend the deadline prescribed in Section 12. Plaintiff has not raised such an argument here.

[2] There appears to be a split with some courts requiring service by the Marshal as provided for in 9 U.S.C. § 12, *see e.g. Broome v. Am. Fam. Life Assurance Co. of Columbus,* No. CV 19-1967 (MN), 2020 WL 4673830, at *3–4 (D. Del. Aug. 12, 2020); others allowing service that complies with Fed. R. Civ. P. 4, *see e.g. Dobco, Inc. v. Mery Gates, Inc.,* No. CIV. 06-0699 (HAA), 2006 WL 2056799, at *2 (D.N.J. July 21, 2006); and others permitting service in compliance with Fed. R. Civ. P. 5, *see e.g. Silicon Power Corp. v. Gen. Elec. Zenith Controls, Inc.,* No. CIV. A. 08-4331, 2009 WL 1971390, at *1 (E.D. Pa. July 7, 2009) (finding Rule 4 inapplicable to motions to vacate under FAA and evaluating service under Rule 5).